IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Lee A. Donaldson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 09-804 |
| | ) |
| Informatica Corporation, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION
# and
# ORDER OF COURT

## OPINION

On June 10, 2011, Plaintiff Lee A. Donaldson ("Plaintiff" or "Donaldson") filed a Motion to Enforce Court Ordered Sanctions against Defendant Informatica Corporation ("Defendant" or "Informatica") seeking attorneys' fees related to the preparation and taking of the depositions of two Informatica executives in August 2010. (Docket No. 74). Defendant opposes Plaintiff's Motion. (Docket No. 76). After careful consideration of the submissions of the parties, and based on my Opinion below, the Motion (Docket No. 74) is granted in part and denied in part.

## I. BACKGROUND

During discovery in this wrongful discharge action, it came to light that certain documents Informatica produced to Plaintiff concerning sales data were incomplete. Specifically, during the May 21, 2010 deposition of Informatica's Vice President of Sales, Ron Ariana, Mr. Ariana questioned the accuracy of certain sales numbers. Following the deposition, Informatica's counsel worked with Informatica to confirm the accuracy of the information in question. Through that process, it was determined that the documents at issue were incomplete, and Informatica

1

produced additional documents to Plaintiff.

On June 1, 2010, Plaintiff filed a Motion for Sanctions (Docket No. 36) seeking, *inter alia*, to reconvene the depositions of Ariana and Informatica Regional Manager Ed Rieland at Informatica's expense. Informatica opposed the motion. On June 8, 2010, I entered an Order directing, *inter alia*, Informatica to (1) produce Ariana and Rieland for deposition in Pittsburgh at Informatica's expense and (2) pay for all "reasonable legal fees and expenses incurred in preparing for and taking the foregoing continued depositions." (Docket No. 40). After additional discovery, Plaintiff took Rieland's reconvened deposition on August 6, 2010 and Ariana's reconvened deposition on August 10, 2010. Almost one year later, Plaintiff filed the instant motion (Docket No. 74) on June 10, 2011 seeking a fee award of $24,982.00 pursuant to the June 8, 2010 Order. Informatica filed a Brief in Opposition on June 20, 2011. (Docket No. 76). Plaintiff filed a Reply Brief with leave of court on July 5, 2011. (Docket No. 84). The motion is now ripe for my review.

## II. ANALYSIS

Courts have held that the lodestar method of calculating reasonable attorneys' fees applies to fees awarded as discovery sanctions under Federal Rule of Civil Procedure 37. See Johnson v. EMC Mortgage Corp., Adversary No. 02-0030, 2005 WL 6508307, at *2 (Bkrtcy. E.D. Pa. Feb. 14, 2005) (citing cases). The lodestar formula requires multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 176 (3d Cir. 2001). "A District Court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee." Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001). "A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005).

In determining hours reasonably expended, a "court must be careful to exclude from counsel's fee request 'hours that are excessive, redundant or otherwise unnecessary.'" Holmes v. Millcreek Twp. Sch. Dist., 205 F.3d 583, 595 (3d Cir. 2000) (quoting Hensley, 461 U.S. at 434). Hours that generally would not be billed to one's own client are not properly billed to an adversary. Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995).

Here, Plaintiff claims he incurred $24,982.00 in attorneys' fees and expenses preparing for and taking the two reconvened depositions at issue. Informatica contends that Plaintiff's request is unreasonable and outrageous given that the depositions took a combined total of five hours to complete. Although Informatica does not dispute the reasonableness of the hourly rates charged by Plaintiff's counsel,[1] it vigorously contests the reasonableness of the number of hours Plaintiff's counsel claims to have expended preparing for the depositions. Informatica further argues that a substantial portion of the fees for which Plaintiff seeks payment are unrelated to the reconvened depositions and thus fall outside the scope of my June 8, 2010 Order. Finally, Informatica contends that many of the time entries at issue are vague and/or redundant and, therefore, are unrecoverable. Informatica suggests that $5,650.00 represents a reasonable fee for preparing for and taking the reconvened depositions.[2] After careful review and for the reasons set forth below, I agree with Informatica that much of Plaintiff's instant fee request is unreasonable, excessive, and far beyond the scope of my June 8, 2010 Order.

**A.    Undisputed Objections**

In its Reply Brief, Plaintiff does not dispute a number of Informatica's objections to the billing entries at issue. First, Plaintiff agrees that he cannot include the time entered by Attorney

---

[1] Plaintiff submits time for six timekeepers including three attorneys (Charles Steele, Marcus Schneider, and Tara Fertelmes) and three staff members (Maureen Steele, Sean Brown, and Jonathan Steele) at the following hourly rates:   Charles Steele - $250.00; Marcus Schneider - $165.00; Tara Fertelmes - $140.00; Maureen Steele - $30.00; Sean Brown - $75.00; and Jonathan Steele – $90.00).   As set forth above, Defendant does not object to these rates, and I likewise find them to be reasonable.

[2] Informatica contends that this figure includes five hours of preparation time for attorneys Steele and Schneider for each deposition as well as the actual time spent by attorney Steele taking the depositions.

Schneider for his attendance at the reconvened depositions – a total of 9.3 hours at $165.00, or $1,534.50.  See Docket No. 84-2 at 3-4 & n.4 (red strikethroughs).   Second, Plaintiff admits that the billing entries on page 12 of Defendant's brief totaling $218 are too vague to be evaluated for reasonableness.  See Docket No. 84-2 at 1-4 & n.2 (blue strikethroughs).  Third, Plaintiff agrees to remove the time entries for attorney Tara Fertelmes and law clerk Jonathan Steele as duplicative for a total of $191.50.  See Docket No. 84-2 at 1-4 & n.3 (green strikethroughs). Fourth, Plaintiff concedes that a total of $4,208 should be stricken from the billing log because the fees are unrelated to the reconvened depositions at issue.  See Docket No. 84-2 at 1-4 & n.1 (yellow strikethroughs).[3]   In sum, Plaintiff agrees that a total of $6,152 should be stricken from the billing records attached to Plaintiff's motion for fees.  Accordingly, the fees requested are reduced by that amount to $18,830.[4]

**B.  Disputed Objections**

Plaintiff disputes the remainder of Informatica's objections to the fees requested.  I address each of these disputes in turn.

**1.  SC Activity Data**

Plaintiff requests $3,837 in fees for time entries dated between August 3, 2010 and August 5, 2010 related to procuring a type of data known as "SC Activity data."  See Docket No. 84-2 at 3-4 & n.5 (pink strikethroughs).  According to Plaintiff, he did not learn about this data (one of the types of data Informatica considered when placing employees on improvement plans) until a July 30, 2010 deposition of Informatica executive Brad Crosby.  The time entries at issue total 16.3 hours and relate to time spent corresponding with Defendant's counsel regarding the SC Activity

---

[3]  This amount includes $3,983 specifically objected to by Informatica on pages 6-9 of the opposition brief as well as an additional $225 for a June 8, 2010 time entry for Charles Steele for 0.9 hours.

[4]  Plaintiff's Reply Brief and Exhibit B thereto incorrectly list the reduced amount as $19,048. See Docket No. 84 and 84-2.   It appears that Plaintiff's counsel forgot to subtract the $218 for vague billing entries in making its calculations.   The correct reduced total is $18,830.

4

data and preparing a never-filed motion to compel regarding the same. Although Plaintiff admits that this time falls outside the scope of my June 8, 2010 Order of Court on Plaintiff's Motion for Sanctions, he argues that I should nevertheless award him the fees at issue because the data's existence was unknown at the time of the motion and it was relevant to the preparations for the reconvened depositions. Reply Br. at 4 & n.4. I disagree.

First, as Plaintiff admits, the SC Activity data was not a subject of the motion for sanctions at issue. Although Plaintiff learned about the data's existence almost a year ago, he never filed a second or amended motion for sanctions regarding Informatica's failure to produce the data. Second, although my June 8, 2010 Order continued discovery until August 7, 2010, the order to pay fees and expenses extended strictly to the preparation for and taking of the depositions themselves, not to fees and costs related to the continued discovery or other discovery matters, even if Plaintiff later relied on the additional discovery in its deposition preparation. Third, counsel spent many of the hours at issue preparing a motion to compel that Plaintiff never even filed. For all of these reasons, the billing entries related to the SC Activity Data – totaling $3,837 – are stricken as unreasonable and beyond the scope of my June 8, 2010 Order.

**2. Other Data Outside the Scope of the June 8, 2010 Order**

Informatica argues that $9,329[5] of the fees requested relate to matters outside the scope of my June 8, 2010 Order and, therefore, are not recoverable. See Opp. Br. at 5-9. As set forth above, Plaintiff concedes that $3,983 of this amount is unrecoverable as beyond the scope of the order and that an additional $204.50 is unrecoverable as vague.[6] Plaintiff, however, argues that the remaining billing entries fall within the scope of my sanctions order. I disagree. As an initial

---

[5] Although Informatica lists the sum as $9,629 in its opposition brief, that number is overstated by $300. Specifically, Informatica incorrectly lists Charles Steele's June 21, 2010 time entry as 1.6 hours at $250/hour for a total fee of $400. See Docket No. 76 at 6. Plaintiff's actual time records, however, indicate that Charles Steele billed only 0.4 hours on that date for a total of $100. See Docket No. 74-2 at 1. I use the corrected figure in my analysis.

[6] The $204.50 includes the entries dated 6/28/2010 (Marcus Schneider, 0.3 hours); 7/19/2010 (Tara Fertelmes, 0.4 hours); and 8/3/2010 (Marcus Schneider, 0.6 hours).

matter, $3,837 of the remaining fees relate to the SC Activity data and are disallowed for the reasons set forth in the previous subsection. The remaining three time entries, totaling $1,304.50, relate to discussions regarding newly produced discovery and/or the creation of a spreadsheet for newly produced data called Xactly data.[7] As set forth more fully below, these entries are not within the scope of the sanctions order and are disallowed.

Because the hours described above do not relate to the preparation or taking of the continued depositions, Plaintiff cannot recover the fees associated with these hours from Defendant.

**3.     Unused Deposition Exhibits**

Informatica argues that Plaintiff may not recover fees associated with any hours expended on creating deposition exhibits that were objected to and not used during the depositions at issue. Specifically, Informatica sets forth in the chart on pages 9-11 of the opposition brief at least $4,105.50 in fees[8] associated with 29.9 hours of work related to certain spreadsheet exhibits analyzing sales data called "Xactly" data that Informatica produced in response to my June 8, 2010 Order. After careful review, I agree with Informatica that the fees associated with the Xactly data spreadsheets are not recoverable. As set forth above, my order to pay fees and expenses extended strictly to the preparation for and taking of the depositions themselves, not to fees and costs related to reviewing supplemental discovery or other discovery matters, even if Plaintiff later relied on the additional discovery in its deposition preparation. To the extent the time at issue relates to the preparation of intended deposition exhibits, I find that the numerous hours spent creating these unused exhibits from information already produced by Defendant were excessive

---

[7] These entries are dated 6/21/2010 (Charles Steele, 0.4 hours); 6/21/2010 (Marcus Schneider, 2.1 hours); and 6/22/2010 (Marcus Schneider, 5.2 hours).

[8] Although Informatica lists this number as $4,158 on page 9 of its opposition brief, this figure is based on a miscalculation in the related chart. See Docket No. 76 at 9-11. Specifically, Informatica incorrectly lists the fee sought for 0.3 hours of Sean Brown's services on August 5, 2010 as $75.00, when the correct calculation for 0.3 hours at Brown's $75.00 hourly rate is $22.50. Using this corrected figure, the actual amount at issue is $4105.50.

and unnecessary and, therefore, unreasonable.[9] Any necessary use of the Xactly data for deposition preparation could and should have been accomplished within the 21 hours allowed for deposition preparation below.

**C.      Reasonable Fees and Expenses**

Informatica does not affirmatively dispute that the remaining hours submitted by Plaintiff relate to the preparation and taking of the reconvened depositions. Informatica argues, however, that these hours should nevertheless be significantly reduced because they are excessive and unreasonable in light of the relatively short length of the depositions. I agree. As evidenced by the portions of the transcripts Defendant attaches as Exhibit A to its opposition brief (Docket No. 76-1), Ariana's deposition lasted approximately 3.3 hours and Rieland's deposition lasted approximately 1.7 hours, for a total of 5 hours, or $1,250 in fees using Attorney Steele's hourly rate. Despite this relatively short timespan, however, Plaintiff seeks payment for 49.3 hours of preparation time, totaling over $8,500 in additional fees.[10] Given the sheer disproportion between the hours spent preparing for and the hours spent taking the depositions, I find that this requested time is patently unreasonable and must be reduced.[11]

After careful consideration of the materials submitted, the arguments of the parties, and the specific nature of the additional discovery at issue in this case, I find that $6,280 represents the reasonable fees and expenses associated with preparing for and taking the reconvened depositions. This figure includes eleven hours of preparation time for Mr. Steele ($2,750), ten

---

[9] Of the $4,105.50 detailed on pages 9-11 of Informatica's opposition brief, I already authorized the deduction of $858 of that amount as outside the scope of my June 8, 2010 Order. See Section II.B.2, supra. This amount represents 5.2 hours of Marcus Schneider's time on 6/22/2010. Because Informatica's request regarding the $858 is duplicative, I do not deduct it again here. Accordingly, the net sum disallowed with respect to the Xactly data is $3,247.50.

[10] The total amount of remaining deposition and preparation fees and costs sought is $10,441. $1,250 of this amount (5 hours) consists of the fees for taking the reconvened depositions and $630 represents the cost of the deposition transcripts, leaving $8,561 (49.3 hours) for deposition preparation.

[11] Many of the remaining time entries are objectionable for a myriad of other reasons as well (e.g., vagueness, block billing, double-billing, etc.).

hours of preparation time for Mr. Schneider ($1,650), the actual time spent by Mr. Steele taking the depositions (5.0 hours/$1,250), and $630 for the cost of the deposition transcripts.[12] In making this determination, I agree with Defendant that twenty hours of preparation time is more than adequate to take two reconvened depositions lasting a total of five hours under the facts of this case.

---

[12] This figure is similar to the amount that Defendant submits would be reasonable ($5,650). See Def.'s Br. Opp. (Docket No. 76) at 13. Although I agree that Defendant's proposed amount is more than reasonable, Defendant does not include the cost of the transcripts and does not offer any argument as to why Plaintiff should not recover those costs. Because I find that the transcript costs are both reasonable and related to the taking of the reconvened depositions, I include them in the total fee award.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lee A. Donaldson, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 09-804 |
| Informatica Corporation, | ) ) ) |
| Defendant. | ) ) ) ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 3rd day of August, 2011, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff Lee Donaldson's Motion to Enforce Court Ordered Sanctions (Docket No. 74) is granted in part and denied in part as follows:

1. Plaintiff is awarded attorney fees to be paid by Defendant in the amount of $5,650 and costs and expenses to be paid by Defendant in the amount of $630, for a total of $6,280; and

2. All other fees and costs and expenses are denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge